| | |
|---|---|
| District Court, Adams County, Colorado<br>1100 Judicial Center Dr.<br>Brighton, CO 80601<br>_____<br>Plaintiff(s): Dennis J. Atencio<br><br>v.<br><br>Defendant(s): The Hertz Corporation | DATE FILED: July 9, 2021 8:48 AM<br>FILING ID: CAF7E515A401F<br>CASE NUMBER: 2021CV30783<br><br><br>▲               ▲<br>COURT USE ONLY |
| Attorney for Plaintiff:<br>Matthew R. Osborne #40835<br>11178 Huron Street, Suite 7<br>Northglenn, CO 80234<br>Phone Number: (303)759-7018<br>E-mail:matt@mrosbornelawpc.com | Case Number:<br><br><br><br><br><br>Division<br>Courtroom |
| **COMPLAINT** | |

1. Plaintiff Dennis J. Atencio is a resident of Adams County, CO.

2. Defendant The Hertz Corporation is a Delaware corporation located at 8501 Williams Road, Estero, FL 33928.

3. On December 18, 2020, Plaintiff purchased a 2019 GMC Terrain, VIN 3GKALVEV0KL243167 from Carvana. Plaintiff paid $300 down, and financed over $22,000 with Bridgecrest for the purchase of the vehicle.

4. In connection with the purchase, the vehicle was titled in Plaintiff's name, and Bridgecrest perfected its lien on the title.

5. Thus, as of December 18, 2020, Plaintiff was the only owner of the vehicle.

6. Plaintiff made all payments on his loan with Bridgecrest.

7. On June 23, 2021, Plaintiff was quite surprised when a repossession company called "Anytime Towing" showed up to his house to repossess his vehicle.

**EXHIBIT A**

8. Plaintiff confronted the repossession agent, and told him there must be some mistake as he was current on his payments to Bridgecrest.  The repossession agent then showed Plaintiff documents with the GMC's VIN and his license plate number on them, and said that he was there to repossess the car for Hertz, not Bridgecrest.  Plaintiff explained that he had no relationship with Hertz, but the repossession agent took the vehicle anyways.

## COUNT I, CIVIL THEFT

9. Plaintiff re-alleges and incorporates the allegations above as if fully set out herein.

10. Defendant obtained Plaintiff's vehicle by theft, and had no basis whatsoever to conclude that their rights to the property were superior to Plaintiff's, especially when the law, C.R.S. § 4-9-317, expressly states that Defendant's rights were subordinate to Plaintiffs' rights, and because Defendant did not have a perfected lien on the title.

11. At all times, Defendant intended to permanently deprive Plaintiff of the vehicle, and intended to sell the vehicle at an auction.

12. Defendant's theft caused the Plaintiff actual damages, including non-economic damages, such as emotional distress and inconvenience, loss of the use of the vehicle, loss of the use of his personal belongings inside the vehicle, and the value of the property lost.

13. Plaintiff seeks actual damages, treble damages, together with attorney fees and costs against Defendant.

## COUNT II, TRESPASS TO CHATTEL

14. Plaintiff re-alleges and incorporates the allegations above as if fully set out herein.

15. Defendant intentionally interfered with Plaintiff's possession of his vehicle, by repossessing the vehicle without legal right, and then by refusing to return the vehicle to Plaintiff upon demand.

**EXHIBIT A**

16. Defendant's trespass to chattel caused the Plaintiff actual damages, including non-economic damages such as emotional distress and inconvenience, loss of the use of the vehicle, and the value of the property lost.

WHEREFORE, Plaintiff prays for the following relief:

    a.   Actual damages to be determined at trial;

    b.   Treble damages to be determined at trial;

    c.   Attorney Fees and costs if Plaintiff is the prevailing party at trial;

    d.   For such other relief as may be proper.

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com

*Attorney for Plaintiff*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

EXHIBIT A