IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-02059-NRN

DENNIS J. ATENCIO,

    Plaintiff,

v.

THE HERTZ CORPORATION,

    Defendant.

---

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

---

Defendant The Hertz Corporation ("Defendant"), by and through its attorneys Holland & Knight, LLP, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and responds in like-numbered paragraphs as follows:

### RESPONSE TO PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies them.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies them.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies them.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies them.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies them.

## RESPONSE TO COUNT I, CIVIL THEFT

9. Defendant reasserts and incorporates herein each of its responses to the foregoing allegations.

10. Defendant denies that the vehicle belongs to Plaintiff and further denies that Defendant obtained the vehicle by theft. C.R.S § 4-9-317 speaks for itself. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant acknowledges that Plaintiff seeks certain categories of damages in paragraph 13 of the Complaint, but denies that Plaintiff is entitled to any damages from Defendant.

## RESPONSE TO COUNT II, TRESPASS TO CHATTEL

14. Defendant reasserts and incorporates herein each of its responses to the foregoing allegations.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16.     Defendant denies the allegations in paragraph 16 of the Complaint.

Defendant denies that Defendant is liable to Plaintiff for any of the damages sought in the Complaint, including the items listed in the "WHEREFORE" paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant hereby raises the following defenses to the Complaint. By setting out these defenses, Defendant does not concede that it bears the burden of proof on any particular issue.

## FIRST DEFENSE
### (Unlawful or Illegal Acts)

Plaintiff's claims are barred in whole or in part by unlawful or illegal acts.

## SECOND DEFENSE
### (Fraud)

Plaintiff's claims are barred in whole or in part by fraud.

## THIRD DEFENSE
### (Waiver/Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrines of waiver or estoppel.

## FOURTH DEFENSE
### (Comparative Fault/Non-Parties At Fault)

To the extent Plaintiff has suffered or will suffer any damages, such damages were caused, in whole or in part, by the actions or omissions of other persons or entities over which Defendant had no control and for which Defendant is not liable, including, but not limited to Carvana. In the event any fault of Defendant is found to have caused or contributed to cause any damages to Plaintiff, which is denied, any recovery against Defendant must be reduced and limited by the comparative fault of such persons or entities. C.R.S. § 13-21-111.5.

## FIFTH DEFENSE
### (Comparative Negligence)

To the extent Plaintiff has suffered or will suffer any damages, Plaintiff's own actions, inactions, or negligence have caused or contributed to such damages, therefore, Plaintiff's claims are barred, or, alternatively, any recovery due to Plaintiff must be reduced in proportion to such fault on the part of Plaintiff. C.R.S. § 13-21-111.

## SIXTH DEFENSE
### (Failure to Join Indispensable Parties)

The real party in interest is not a party to this case and/or Plaintiff has failed to join one or more indispensable parties.

Defendant reserves the right to modify the foregoing affirmative defenses or add additional affirmative defenses as Defendant obtains information through discovery.

WHEREFORE, having denied all claims in the Complaint and having denied that Plaintiff is entitled to any relief, Defendant respectfully requests that this Court dismiss Plaintiff's claims, enter judgment in its favor, and further award Defendant any relief the Court deems just and proper.

Dated this 5th day of August, 2021.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:  /s/Leah E. Capritta
Leah E. Capritta
1801 California Street, Suite 5000
Denver, CO  80202
Tel.: (303) 974-6656
Fax: (303) 974-6659
leah.capritta@hklaw.com
*Attorneys for Defendant*
*The Hertz Corporation*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August 2021, I electronically filed the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using CM/ECF system.  I sent separate notice via the Colorado Court ICCES e-filing system to Plaintiff's counsel of record as follows:

Matthew R. Osborne
11178 Huron Street, Suite 7
Northglenn, Colorado 80234
matt@mrosbornelawpc.com


/s/Leah E. Capritta
Leah E. Capritta