UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number  1:21-cv-02059-CMA-NRN

Dennis J. Atencio,
    Plaintiff,

v.

The Hertz Corporation,
    Defendant.

---

**~~PROPOSED~~ SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The scheduling/planning conference was held on October 8, 2021, at 11:30 a.m.

    Matthew R. Osborne, 11178 Huron St, Ste 7, Northglenn, CO 80234, (303) 759-7018, appeared on behalf of Plaintiff.

    Leah E. Capritta, 1801 California Street, Suite 5000, Denver, CO 80202, (303) 974-6656, appeared on behalf of Defendant The Hertz Corporation ("Hertz").

### 2. STATEMENT OF JURISDICTION

    The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.

### 3. STATEMENT OF CLAIMS AND DEFENSES

*Plaintiff:* On December 18, 2020, Plaintiff purchased a 2019 GMC Terrain from Carvana.  Plaintiff paid $300 down, and financed over $22,000 with Bridgecrest for the purchase of the vehicle. In connection with the purchase, the vehicle was titled in Plaintiff's name, and Bridgecrest perfected

its lien on the title. Thus, as of December 18, 2020, Plaintiff was the only owner of the vehicle. Plaintiff made all payments on his loan with Bridgecrest

On June 23, 2021, Plaintiff was quite surprised when a repossession company showed up to his house to repossess his vehicle. Plaintiff confronted the repossession agent, and told him there must be some mistake as he was current on his payments to Bridgecrest. The repossession agent then showed Plaintiff documents with the GMC's VIN and his license plate number on them, and said that he was there to repossess the car for Hertz, not Bridgecrest. Plaintiff explained that he had no relationship with Hertz, but the repossession agent took the vehicle anyways.

Defendant obtained Plaintiff's vehicle by theft, and had no basis whatsoever to conclude that their rights to the property were superior to Plaintiff's, especially when the law, C.R.S. § 4-9-317, expressly states that Defendant's rights were subordinate to Plaintiffs' rights, and because Defendant did not have a perfected lien on the title. Defendant intentionally interfered with Plaintiff's possession of his vehicle, by repossessing the vehicle without legal right, and then by refusing to return the vehicle to Plaintiff upon demand. Plaintiff seeks actual damages, non-economic damages treble damages, together with attorney fees and costs against Defendant for Civil Theft and Trespass to Chattel.

*Defendant Hertz*: Unknown parties stole the 2019 GMC Terrain from defendant's rental facility in South Carolina, and defendant reported it stolen. Defendant was later alerted that plaintiff had titled the vehicle in Colorado and affected possession of it.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Defendant Hertz is a Delaware corporation located at 8501 Williams Road, Estero, FL 33928.

### 5. COMPUTATION OF DAMAGES

*Plaintiff*: Non-economic damages to be determined by the trier of fact. Plaintiff does not intend to ask the jury for a specific number for non-economic damages. $19 for Adams Odor Bomb Polish, $480 in fees paid to Denver Impound Lot to get vehicle back, $370 inspection fee to SOS inspections to verify any damages to vehicle after Plaintiff got the car back from the impound lot, $319.08 in insurance payments made while Plaintiff was without the vehicle after Defendant's repossession, $1,118 in loan payments made while Plaintiff was without the vehicle after Defendant's repossession.  Treble damages to be determined by the trier of fact. Plaintiff seeks attorney fees and costs if he is successful at trial on his claims.

*Defendant Hertz:*  Defendant will not seek damages as this time.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. **Date of the Rule 26(f) meeting.**

   September 21, 2021.

b. **Names of each participant and party he/she represented.**

   Matthew R. Osborne represented Plaintiff at the Rule 26(f) meeting. Leah E. Capritta represented Defendant.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

   The parties will make their 26(a)(1) disclosures on or before October 7, 2021.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

   ~~None.~~ October 11, 2021

e. **Statement concerning any agreements to conduct informal discovery.**

   There are no agreements Doents regarding informal discovery.

    f.    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1) The parties have agreed to use a unified exhibit numbering system for deposition exhibits.

(2) The parties will also seek entry of a stipulated protective order to allow the exchange of sensitive information, including trade secret and other proprietary information belonging to the Defendant.

(3) The parties agree to accept service of all papers and documents in this lawsuit, including written discovery, if not served electronically through court's Case Management/Electronic Case Filing System (CM/ECF), as attachments to electronic mail or, if too voluminous for transmission by electronic mail, via FTP or other reasonable electronic means.

(4) The parties will initially attempt to resolve discovery disputes with a phone call between the parties and/or their counsel, prior to sending a discovery dispute letter or filing a motion with the Court.

    g.    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have agreed to produce any ESI in searchable .pdf format, and to confer in good faith with regard to the need for any additional format, pursuant to Fed.R.Civ.P. 34.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties are continuing to discuss settlement and are exploring options which may allow for a prompt settlement of the case.

### 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

### 8.  DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the federal rules.**

~~10~~ 5 depositions per side.

25 interrogatories per party.

b. **Limitations which any party proposes on the length of depositions.**

~~The parties agree that depositions should be limited to seven hours each, excluding breaks, without prior agreement or absent leave of the court~~

Depositions shall not exceed 7 hours for two deponents, exclusive of experts, all others limited to 4 hours

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

25 Requests for Production per party, 25 Requests for Admission per party.

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Written discovery shall be served no later than 45 days before discovery cutoff. ~~such that responses are due on the discovery deadline.~~

e. **Other Planning or Discovery Orders.**

Page 5

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Neureiter regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court."

The parties consent to service of Rule 26(a) disclosures and discovery documents via email.

The parties foresee the need for a Stipulated Protective Order to govern the disclosure of trade secret or other confidential research, development or commercial information belonging to any Defendant. The parties, therefore, will submit a proposed Stipulated Protective Order for consideration and entry by the Court on or before October 25, 2021.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

December 27, 2021

b. **Discovery Cut-off:**

April 21, 2022

c. **Dispositive Motion Deadline:**

May 23, 2022

d. **Expert Witness Disclosure**

1. The parties shall identify anticipated fields of expert testimony, if any.

*Plaintiff*: Plaintiff may retain an expert on vehicle valuation and vehicle damages.

*Defendant Hertz*:

2.  Limitations which the parties propose on the use or number of expert witnesses.

Each party may designate no more than two expert witnesses, excluding rebuttal expert witnesses.

3.  The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 4, 2022.**

4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 4, 2022.**  This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

e.   **Identification of Persons to Be Deposed:**

*Plaintiff*: Unknown Defendant representatives pursuant to F.R.C.P. 30(b)(6) and 30(b)(1), Carvana 30(b)(6) witness, Daris Watson, Det. John Mack.

*Defendant Hertz*:

### 10. DATES FOR FURTHER CONFERENCES

a.   Status conferences will be held in this case at the following dates and times:

**JOINT STATUS REPORT** shall be filed no later than **March 14, 2022**, updating the Court on the status of discovery and if there is anything the parties need to address with the Court.  If there are any outstanding issues, the Court may set a Status Conference.

  b.  A final pretrial conference will be held in the case on <u>July 21, 2022 at 9:30 a.m</u> <u>before Magistrate Judge N. Reid Neureiter in Courtroom C203, Byron Rogers Courthouse.</u> ~~_____ at _____ o'clock __ m.~~ A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

  a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

  None.

  b.  Anticipated length of trial and whether trial is to the court or jury.

  The Parties anticipate a 3-day jury trial in Denver, CO.

  c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

  None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13    AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____8th__ day of _October_____ , 2021.

BY THE COURT:

*N. Reid Neureiter*
_____
The Honorable N. Reid Neureiter
United States District Court Magistrate Judge

APPROVED:

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com
*Attorney for Plaintiff*


s/ Leah E. Capritta
Leah E. Capritta
HOLLAND & KNIGHT LLP
1801 California Street, Suite 5000
Denver, CO 80202
Tel: (303) 974-6656
Fax: (303) 974-6659
Leah.capritta@hklaw.com

*Attorney for Defendant*